# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FMM BUSHNELL, LLC, :
   Plaintiff,  :  No. 3:14-cv-1718
       :
  vs.    :  (Judge Nealon)
       :
GILBERT COMMONS, INC., :
   Defendant  :

## MEMORANDUM

Plaintiff, FMM Bushnell, LLC, filed the above-captioned foreclosure action against Defendant, Gilbert Commons, Inc., alleging Defendant's default under the terms of a commercial mortgage.  (Doc. 1, p. 1).  Before this Court is Plaintiff's motion for alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430(a).  (Doc. 7).  For the reasons set forth below, Plaintiff's motion will be denied without prejudice.

## I. BACKGROUND

On September 3, 2014, Plaintiff, FMM Bushnell, LLC, brought this foreclosure action against Defendant, Gilbert Commons, Inc., alleging Defendant's default under the terms of a commercial mortgage.  (Doc. 1, p. 1). On September 4, 2014, Plaintiff's counsel wrote to David A. Martino, Esq., Defendant's counsel in a related proceeding, enclosing copies of a waiver of service or summons, the summons, and the complaint.  (Doc. 7, p. 2, Ex. A).  On

September 10, 2014, Attorney Martino informed Plaintiff's counsel that he would not be representing Defendant in the above-captioned matter and was not authorized to accept service.  (Doc. 7, p. 3, Ex. B).

Plaintiff contacted the United States Marshal Service in Scranton, Pennsylvania to effectuate service of the summons and complaint.  (Id.).  Plaintiff was advised to retain  a private process server.  (Id.).

On September 16, 2014, Plaintiff's counsel retained Seagull Legal Services, Inc. ("Seagull Legal Services") to effectuate service of the summons and complaint upon Defendant at its corporate address.  (Id., Ex. C).  Defendant's registered address with the Commonwealth of Pennsylvania's Department of State, Corporation Bureau is 840 Stony Mountain Road, Albrightsville, Pennsylvania 18210.  (Id., p. 5, Ex. 1 at pp. 3-4).[1]  On October 6, 2014, Tom Walsh, a process server for Seagull Legal Services, issued a proof of service indicating that service was attempted on Defendant, but was returned because "[c]urrent resident does not know defendant."  (Id., p. 3, Ex. C).

Beginning on September 28, 2014, Plaintiff's counsel, in connection with a

---

1. Plaintiff's motion states that a "true and correct copy of the Business Entity Filing History for Defendant is attached hereto, incorporated herein by reference and is marked as Exhibit 'G.'"  See (Doc. 7, Ex. 1 at p. 3).  However, there is no Exhibit G attached to Plaintiff's motion.  See (Docs. 7, 8).

related lawsuit in state court, attempted to serve Defendant's President, Michael

Petrin ("Petrin"), at his last known physical address.  (Doc. 7, Ex. E) (Carbon

County Sheriff's Return of Service identified "CASE ID" as 14-2026).  Plaintiff

conducted a United States Postmaster's Search and an "Internet Search" to

determine the whereabouts of Petrin.  (Id., pp. 4, Ex. 1 at p. 3).  Those sources

indicate Petrin's current physical address is 1640 State Route 534, Albrightsville,

Pennsylvania 18210.  (Id.).  Plaintiff employed the services of the Carbon County

Sheriff's Office to effectuate service in its related matter before state court.  (Id.).

From September 28, 2014, to October 7, 2014, the Carbon County Sheriff's Office

made ten (10) unsuccessful attempts to serve Petrin at his Albrightsville address.

(Id., Ex. E).

 Plaintiff's counsel, after further investigation, uncovered an alternate

address for Petrin at 1521 Youngs Point Place, Herndon, Virginia 20170.  (Id., p.

4).  Plaintiff then retained Process Server VA, LLC ("Process Server VA"), a

private process server, to serve Petrin at that address.  (Id., Ex. F).  It is unclear

from Plaintiff's submissions whether Process Server VA attempted to serve

Defendant with the summons and complaint in this matter, or a related state court

matter. (Id., Ex. F).  Specifically, Plaintiff has attached an affidavit of non-service

signed by Courtney C. Inglefield, a process server for Process Server VA, to its

motion.  (Doc. 7, Ex. F).  In addition to stating that from October 20, 2014, to October 24, 2014, five (5) unsuccessful attempts to serve Petrin were made at his Virginia address, Inglefield's affidavit also identifies the case number as "14-20220."  (Id.).  Moreover, the top of Inglefield's affidavit references the "County of Carbon" and the "Common Pleas Court."  (Id.).

Plaintiff also conducted a search of the records in the Carbon County Tax Assessor's Office in an attempt locate the Defendant.  (Id., Ex. 1 at pp. 3-4).  The Carbon County Tax Assessor confirmed that the property at 840 Stony Mountain Road, Defendant's registered corporate address, is owned by Petrin.  (Id., p. 4).

On December 31, 2014, Plaintiff filed a motion for an extension of time to effectuate service of summons and complaint.  (Doc. 4).  On January 13, 2015, this Court granted Plaintiff sixty (60) days from the date of the order to effectuate service of summons and complaint.  (Doc. 6).

On February 11, 2015, Plaintiff filed the instant motion for special service, (Doc. 7), and its brief in support, (Doc. 8).  Plaintiff asserts that Defendant's actions have prejudiced it in its ability to pursue this action.  (Doc. 7, p. 6). Plaintiff seeks a special order pursuant to Pennsylvania Rule of Civil Procedure 430 authorizing service by posting the registered office address of the corporation as well as via certified mail, return receipt requested, and via first class mail,

4

prepaid postage, to Petrin at his current mailing address.  (Doc. 7, p. 6).  For the

reasons set forth below, Plaintiff's motion will be denied without prejudice.

## II.   <u>DISCUSSION</u>

Plaintiff requests this Court grant permission to serve special process under

Federal Rule of Civil Procedure 4(h)(1)(A).  Rule 4(h)(1)(A) allows for a

corporation to be served in a judicial district of the United States in the manner

prescribed by Rule 4(e)(1) for serving an individual, unless federal law provides

otherwise or defendant has filed a waiver.  FED. R. CIV. P. 4(h)(1)(A).  "Federal

Rule of Civil Procedure 4(e)(1) provides the option of serving the summons and

complaint in a federal civil action 'pursuant to the law of the state in which the

district court is located.'"  <u>HSBC Bank United States, N.A. v. Williams</u>, 2007 U.S.

Dist. LEXIS 97423, *5 (M.D. Pa. 2007) (Vanaskie, J.).  Moving for special service

under Pennsylvania law, Plaintiff invokes Pennsylvania Rule of Civil Procedure

430(a).  (Doc. 7, p. 4).  Pursuant to Rule 430(a):

> If service cannot be made under the applicable rule the plaintiff may move
> the court for a special order directing the method of service. The Motion
> shall be accompanied by an affidavit stating the nature and extent of the
> investigation which has been made to determine the whereabouts of the
> defendant and the reasons why service cannot be made.

PA. R. CIV. P. 430(a).  While Rule 430 clearly contemplates special service in

some circumstances, <u>see</u> PA. R. CIV. P. 430, "[s]ervice by special order is an

extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted." <u>Countrywide Home Loans, Inc. v. Stringer</u>, 2008 U.S. Dist. LEXIS 62670, *6 (M.D. Pa. 2008) (Vanaskie, J.).  "We must remember that [s]ervice of process is not a mere technicality.  Rather, constitutional due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Olympic Steel, Inc. v. Pan Metal & Processing, LLC</u>, 2012 U.S. Dist. LEXIS 27654, *4 (E.D. Pa. 2012) (citation omitted).

There are three steps a party wishing to obtain leave for alternative service of process must take under Pennsylvania Rule of Civil Procedure 430(a).  <u>Power Corp. of Canada v. Power Fin.</u>, 2009 U.S. Dist. LEXIS 31058, *1 (M.D. Pa. 2009) (Conner, J.).  A plaintiff requesting leave for alternative service must show that:

> (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is reasonably calculated to provide the defendant with notice of the proceedings against him...."

<u>Id.</u>[2]

---

2.  The United States District Court for the Middle District of Pennsylvania has also applied a slight variation of this three prong test.  <u>See</u> <u>Countrywide Home Loans, Inc. v. Stringer</u>, 2008 U.S. Dist. LEXIS 62670, *13 n.9 (M.D. Pa. 2008) (Vanaskie, J.); <u>HSBC Bank United States, N.A. v. Williams</u>, 2007 U.S. Dist.

In regards to the first prong set out in <u>Countrywide</u>, the explanatory Note to Rule 430(a) provides a non-exhaustive list of illustrative examples that a plaintiff can use to make a good faith effort to locate a defendant.  PA. R. CIV. P. 430(a), Note; <u>see Countrywide Home Loans, Inc.</u>, 2008 U.S. Dist. LEXIS 62670, *12 ("While by no means exhaustive, this Note is at least indicative of the types of procedures contemplated by the legislature when enacting Rule 430....") (citation omitted).  Specifically, a good faith effort may include:

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act...(2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. CIV. P. 430, Note.  "In essence, it provides that more than a mere paper search is required...."  <u>Countrywide Home Loans, Inc.</u>, 2008 U.S. Dist. LEXIS 62670, *12 (citation omitted).

In <u>Countrywide Home Loans, Inc.</u>, plaintiff in a mortgage foreclosure action

---

LEXIS 97423, *5 (M.D. Pa. 2007) (Vanaskie, J.).  Under that test, the plaintiff must establish "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant."  <u>Williams</u>, 2007 U.S. Dist. LEXIS 97423, *5.  While these two tests vary slightly from each other, "these [two] formulations are analytically indistinguishable, application of either yields the same outcome."  <u>Countrywide Home Loans, Inc.</u>, 2008 U.S. Dist. LEXIS 62670, *7 n.5.

moved for service by special order pursuant to Pennsylvania Rule of Civil

Procedure 430(a).  Countrywide Home Loans, Inc., 2008 U.S. Dist. LEXIS 62670,

*4.  In support of its motion, plaintiff filed an affidavit of good faith effort to

locate defendant(s).  Countrywide Home Loans, Inc., 2008 U.S. Dist. LEXIS

62670, *12 n.9.  The plaintiff's affiant in Countrywide inquired with the postal

service, examined unspecified telephone directories and Internet records, and

inquired with an unidentified tax office.  Countrywide Home Loans, Inc., 2008

U.S. Dist. LEXIS 62670, *13 n.9.  The Countrywide court noted that the affiant

"made no inquiry with the Pennsylvania or New Jersey motor vehicle departments

nor did he meaningfully explore voter registration information."  Id.  Further, the

court found that "aside from speaking by telephone to one neighbor of the New

Jersey Address and unsuccessfully attempting to contact a neighbor of the East

Stroudsburg Address, [plaintiff's affiant] interviewed no one concerning

[defendant's] whereabouts, such as additional neighbors, relatives, employers, or

local post carriers."  Id.  The court also found it significant that "neither

[plaintiff's affiant] nor anyone else on Plaintiff's behalf interviewed [], the tenant

occupying [defendant's residence in East Stroundsburg]...."  Id. at *13-14 n.9.  As

such, the court held plaintiff's efforts fell short of the "good faith inquiry

demanded by Rule 430(a)."  Id. at *14 n.9.

Similar to the plaintiff in <u>Countrywide</u>, Plaintiff here has "left several stones unturned," and likewise has fallen short of Rule430(a)'s good faith inquiry requirement.  While Plaintiff has made some of the efforts suggested by Rule 430(a)'s explanatory Note, (Doc. 7, p. 4), a more extensive search is warranted before Plaintiff can be granted leave for special service, a remedy of last resort.

This Court takes note of the minimal evidence in the record regarding inquiries made by Plaintiff into Defendant's registered corporate address, which Plaintiff asserts is owned by Petrin.  (Doc. 7, Ex. 1 at p. 4).  The only evidence in the record regarding an attempt to utilize the resident(s) at Defendant's registered corporate address to locate the whereabouts of Defendant or Petrin is the questioning of a "[c]urrent resident" by Plaintiff's private process server.  (<u>Id.</u>, Ex. D).  According to the process server's proof of service, the "[c]urrent resident does not know defendant."  (<u>Id.</u>).  There is no evidence in the record that Plaintiff's process server interviewed the "[c]urrent resident" at Defendant's registered corporate address, or what other information the resident may have provided, if any.  Moreover, the record is devoid of any other inquiries Plaintiff may have made at Defendant's corporate address.  A more thorough inquiry into Defendant's registered corporate address may have lead to Petrin's location.

Additionally, Plaintiff points to an "Internet search" as evidence of its good

faith effort to locate Petrin.  (Doc. 7, p. 4).  However, beyond its assertion that it was an "Internet Search," there is nothing else in the record that this Court can utilize to evaluate its effectiveness, if any, in locating Defendant or Petrin.  See Countrywide Home Loans, Inc., 2008 U.S. Dist. LEXIS 62670, *12-13 n.9 (Plaintiff's affidavit must provide extensive details about the nature and extent of plaintiff's investigation and the reasons that service cannot be made).  Moreover, the mere fact that it was an "Internet Search" does not establish how thorough a search Plaintiff conducted on the Internet to locate Defendant or Petrin.  It may be that Plaintiff's Internet search was extensive and included the types of searches identified in Rule 430(a), i.e., telephone directories, voter registration records, local tax records, and motor vehicle records.  However, there is nothing in the record that supports such a conclusion.  See Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004) ("[T]he Rules do not permit alternative service to issue on the basis of assumptions and likelihoods.").  As such, this Court cannot fully evaluate the probativeness of the "Internet Search" in the context of whether Plaintiff has made a good faith effort to locate Defendant or Petrin.  Therefore, in accordance with the first requirement of Rule 430(a) and precedent, Plaintiff has not shown that it has made a good faith effort to locate the person on which service is to be made.

Furthermore, even if Plaintiff made a good faith effort to locate Defendant, it would still have to establish that it has made sufficient practical efforts to serve Defendant with the complaint and summons in the above-captioned matter.

"A prerequisite for a special order of service under Rule 430(a) is an unsuccessful attempt to effectuate service 'under the applicable rule.'" HSBC Bank, 2007 U.S. Dist. LEXIS 97423, *5.  In this regard, the applicable rules to this matter includes Rule 410(a), which provides that service of a complaint in a mortgage foreclosure action is governed by, inter alia, Rule 400, and Rule 424, which governs service of a complaint and summons on a corporation.  See PA. R. CIV. P. 410(a), 424.  Because Plaintiff seeks a special order to serve Defendant by mail and posting, this Court must examine its compliance with Rules 400, 410 and 424.

Initially, the Court finds Plaintiff's attempt to serve Defendant at its registered address invalid.  Pursuant to Rule 400(a), a complaint "shall be served within the Commonwealth only by the sheriff."  PA. R. CIV. P. 400(a); see also PA. R. CIV. P. 410(b)(1) (in a mortgage foreclosure action, "original process also shall be served upon any person not named as a party who is found in possession of the property.  The sheriff shall note the service in the return.").  "Service by a competent adult, in addition to the sheriff, is permitted only in certain types of

actions, excluding mortgage foreclosure actions, and where the action is
commenced in Philadelphia County or the defendant resides therein." HSBC
Bank, 2007 U.S. Dist. LEXIS 97423, *6 (citing PA. R. CIV. P. 400(b), 400.1); see
14 P.L.E. CORPORATIONS § 411 (2013) ("By whom service made. Service must be
made by the sheriff, unless the corporation has accepted service or has entered a
general appearance, unless the sheriff is a party, in which case the coroner or other
officer authorized by law to perform the duties of coroner must make the service,
or unless the action is in equity, in which case a competent adult may make the
service.").

Here, Plaintiff retained Seagull Legal Services, a private process server, to
serve Defendant at its registered corporate address, 840 Stony Mountain Road,
Albrightsville, Pennsylvania 18210.  Plaintiff's use of a private process server
renders the attempted service of Defendant at its registered corporate address
invalid.  See HSBC Bank, 2007 U.S. Dist. LEXIS 97423, *7.  Thus, under these
circumstances, Plaintiff cannot show that service cannot be made under the
applicable rules.  Service by special order is a remedy of last resort, and is only
appropriate when service under the applicable rules of civil procedure cannot be
made.  See Countrywide Home Loans, Inc., 2008 U.S. Dist. LEXIS 62670, *6.
Since a proper attempt has not been made to serve Defendant at its registered

12

corporate address, leave for special service must be denied.

Even if Plaintiff's attempt to serve Defendant at its registered corporate address was valid, Plaintiff has not established that it has undertaken practical efforts to serve Defendant at its registered corporate address. "The number of times a plaintiff attempts to make service is not necessarily determinative of whether the efforts were reasonable and practical, but it is certainly probative." Banegas v. Hampton, 2009 U.S. Dist. LEXIS 35581, *2 (E.D. Pa. 2009); see Viking Ins. Co. v. Rivas, 2013 U.S. Dist. LEXIS 62638, *8-9 (E.D. Pa. 2013) (One attempt at service did not satisfy practical efforts to serve requirement); Tillman v. Fed. Home Loan Mortg. Corp., 2013 U.S. Dist. LEXIS 51282, *6-7 (E.D. Pa. 2013).

Here, the record is unclear as to how many times Plaintiff attempted to serve Defendant at its registered corporate address. See (Docs. 7, 8). Plaintiff's motion reads as though it only attempted to serve Defendant at that address on October 6, 2014. See (Doc. 7, p. 3, Ex. D). According to the private process server, the summons went unexecuted because "[c]urrent resident does not know [D]efendant." (Id., p. 3, Ex. D). There is nothing in the record establishing that Plaintiff made more than one attempt to serve Defendant at its registered address. Without more, this Court cannot find that special service is warranted.

13

To the extent that Plaintiff seeks to rely on its unsuccessful attempts to serve Petrin at 1640 State Route 534, Albrightsville, Pennsylvania 18210 in a related state court action as evidence of its practical efforts to serve Defendant, such an argument is rejected, as Plaintiff has failed to establish that it has even made an attempt to serve Defendant with the complaint and summons in the above-captioned matter.  As the record currently stands, Plaintiff has only provided proof that it attempted to serve Petrin at his Albrightsville address in connection with an action before a state court.  (Doc. 7, p. 3, Ex. E) (Carbon County Sheriff's Return of Service identified "CASE ID" as 14-2026).[3]  Since Plaintiff has not provided proof that it has even attempted to serve the complaint and summons in the instant action, it is unable to show that service cannot be made under the applicable rule.

Consequently, Plaintiff has failed to satisfy the second requirement to obtain leave for special service as set forth in Countrywide.  Thus, even if Plaintiff established that it has made a good faith effort to locate the Defendant, its motion would be denied because Plaintiff has yet to show that it has made practical efforts

---

3.  Plaintiff also points to the efforts it has made to serve Petrin at his alternate address: 1521 Youngs Point Place, Herndon, Virginia 20170.  But, similar to the attempts to serve Petrin at his Pennsylvania address, the record is unclear as to how many times, if any, Plaintiff attempted to serve Petrin at his Virginia address with the summons and complaint in this matter.  See (Doc. 7, Ex. F) (Affidavit of Non-Service identifies "Case Number" as 14-20220, and references the "County of Carbon" and the "Common Pleas Court").

to serve Defendant.

### III.    **<u>CONCLUSION</u>**

Plaintiff has failed to establish that it has satisfied the requirements to obtain leave for special service.  As stated above, Plaintiff has not established that it has made a good faith effort to locate Defendant, and it also failed to show that it has made practical efforts to serve Defendant with the complaint and summons in the above captioned matter.  Thus, its motion will be denied without prejudice.

A separate Order will be issued.


Date: February 20, 2015                    /s/ William J. Nealon
                                           United States District Court Judge